IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dr. D.M. Indika Bandara, | C/A No. 3:16-3212-TLW-PJG |
| Plaintiff, | |
| v. | **ORDER** |
| Dan Mann, *Richland-Lexington Airport District Commission Members, AAE Director*; James A. Compton, *Richland-Lexington Airport District Commission Members (Chairman)*; Carol Fowler, *Richland-Lexington Airport District Commission Members*; F. Xavier Starkes, *Richland-Lexington Airport District Commission Members, Esq.*; William Dukes, *Richland-Lexington Airport District Commission Members*; Jerrod F. Howard, *Richland-Lexington Airport District Commission Members*; Richard McIntyre, *Richland-Lexington Airport District Commission Members*; Dan P. Bell, *Richland-Lexington Airport District Commission Members*; Hazel L. Bennett, *Richland-Lexington Airport District Commission Members*; D.J. Carson, *Richland-Lexington Airport District Commission Members*; David N. Jordan, *Richland-Lexington Airport District Commission Members*; James L. Whitmire, *Richland-Lexington Airport District Commission Members*; Duane Cooper, *Richland-Lexington Airport District Commission Members*; Lynne Douglas, *Richland-Lexington Airport District Commission Members*, | |
| Defendants. | |

Plaintiff Dr. D.M. Indika Bandara, a self-represented prisoner, filed this civil action pursuant to 42 U.S.C. § 1983 against the named defendants. This matter is before the court on the plaintiff's

PJG

motions for subpoenas. (ECF Nos. 63, 64, 65, & 71.) In her motions, the plaintiff appears to request discovery from entities that are not parties in this action.[1]

Discovery in civil cases filed in this court is governed by the Federal Rules of Civil Procedure. These rules are applicable to all litigants including those who are proceeding *pro se*. According to Rule 26(b)(1) of the Federal Rules of Civil Procedure, unless otherwise limited by court order, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."

To the extent that the plaintiff seeks to obtain documents or other materials from a nonparty, she may do so via a subpoena *duces tecum*. The court's authorization of a subpoena *duces tecum* requested by an *in forma pauperis* plaintiff is subject to limitations, including the relevance of the information sought as well as the burden and expense to a person subject to the subpoena. See Fed. R. Civ. P. 26(b) & 45(d)(1); Jackson v. Brinker, No. IP 91-471-C, 1992 WL 404537, at *7 (S.D. Ind. Dec. 21, 1992) (finding that the court may refuse an indigent party's request to have the United States Marshals Service serve a Rule 45 subpoena *duces tecum* that is "frivolous, requests immaterial or unnecessary information, is unduly burdensome, would be reasonably certain to result in the indigent's responsibility for significant compliance costs for which he cannot provide, or is otherwise unreasonable or abusive of the court's process"). The court notes that, although the plaintiff has been granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915(d), such status does not mean that the plaintiff's discovery expenses are underwritten or waived. See, e.g., Badman v. Stark, 139

---

[1] Bandara also filed a document entitled "Motion to inform the courts regarding collection of information from other parties during the discovery period." (ECF No. 60.) Although captioned as a motion, it is unclear what relief, if any, the plaintiff is seeking. Accordingly, this motion is denied as moot.

*PJG*

F.R.D. 601, 604 (M.D. Pa. 1991) (holding that an indigent plaintiff seeking issuance of a subpoena must simultaneously tender the witness fees and the estimated mileage allowed by law with the service of the subpoena); see also Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant."). While the plaintiff's *in forma pauperis* status may permit service of a subpoena *duces tecum* by the United States Marshals Service without prepayment of the cost of service,[2] the court must limit a plaintiff's discovery requests if the documents sought from the nonparty are "cumulative or duplicative, or can be obtainable from some other source that is more convenient, less burdensome, or less expensive." See Fed. R. Civ. P. 26(b)(2)(C); see also Badman, 139 F.R.D. at 605 ("The Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena *duces tecum*."). Additionally, the plaintiff should demonstrate that the requested records are obtainable only through the identified third party and that she has made provisions to pay the reasonable costs associated with the discovery she seeks. See Badman, 139 F.R.D. at 605; Sickler v. Curtis, No. 2:11-cv-0205, 2012 WL 3778941, at *2 (E.D. Cal. Aug. 31, 2012).

---

[2] The plaintiff is advised that the cost of service by United States Marshals Service is considered an item of cost which may, at the court's discretion, be included as judgment against the plaintiff at the conclusion of the action pursuant to 28 U.S.C. § 1915(f) if the plaintiff does not prevail. See Flint v. Haynes, 651 F.2d 970, 972-73 (4th Cir. 1981); 28 U.S.C. §§ 1920, 1921(a)(1) (stating that the court may tax as costs fees of the United States Marshals Service, such as the service of subpoenas).

In her current motions, the plaintiff has not presented all of the information necessary for the issuance of a subpoenas *duces tecum*. Specifically, the plaintiff must:

(1) clearly identify what documents she is seeking and from whom;

(2) explain how the requested documents are relevant to her case;

(3) show that the requested documents are obtainable only through the identified third party;

(4) show that she has arranged for service of her proposed subpoenas *duces tecum* pursuant to Rule 45 of the Federal Rules of Civil Procedure or, in the alternative, provide the court with completed USM-285 forms so that service can be effected by the United States Marshals Service (see 28 U.S.C. § 1915(d); see also Fed. R. Civ. P. 4(c)(3)); and

(5) demonstrate to the court that she has made provision or has the funds necessary to pay the subpoenaed party for the costs associated with the production of the requested documents.

Accordingly, to the extent Plaintiff seeks document production from nonparties, her motions are denied with leave to timely re-file to provide the court with the additional information outlined above.

Plaintiff's motions also seek to obtain answers to interrogatories from nonparties. Rule 33 of the Federal Rules of Civil Procedure provides for interrogatories addressed to *parties* to an action, but litigants may not use this discovery procedure to obtain information from nonparties. See 8B Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 2163 (3d ed. 2010) ("A deposition may be taken of any person[] while interrogatories may only be addressed to parties to the action."). Accordingly, Plaintiff's motions are denied.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 2, 2017
Columbia, South Carolina

Page 4 of 4